UNITED STATES of America, Appellee,

v.

John Robert BOONE, Appellant.

UNITED STATES of America, Appellee,

v.

David Brook LANHAM, Appellant.

No. 88–5186, 88–5187.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1988.

Decided March 6, 1989.

Rehearing and Rehearing En Banc Denied
April 12, 1989.

Jack Nordby, Minneapolis, Minn., and Douglas W. Thomson, St. Paul, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and NICHOL,* Senior District Judge.

LAY, Chief Judge.

John Robert Boone pled guilty to unlawfully manufacturing in excess of 1000 kilograms (over 20 tons) of marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(vii), and 18 U.S.C. § 2 as part

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

of a plea agreement on February 17, 1988.[1] Before sentencing he retained new counsel and moved to withdraw his plea on April 18, 1988. The district court[2] denied the motion on April 29, 1988, and sentenced Boone to twenty years without parole.[3] He now appeals the denial of his pre-sentence motion to withdraw his guilty plea. He also asserts that the district court erroneously denied his motion to suppress a search which allegedly was based on false information.

David Brook Lanham, as part of his plea agreement, pled guilty to conspiracy to distribute marijuana. 21 U.S.C. §§ 841, 846. Under the agreement, he was subject to a sentence of up to eight years and a fine of up to $1,000 with a $50 special assessment. Lanham objected at the time of sentencing to portions of the pre-sentence investigation report which suggested that he served in a "managerial capacity" in the marijuana operation. The court stated that it would not consider the items to which Lanham objected for sentencing purposes pursuant to rule 32(c)(3)(D)(ii). The court sentenced Lanham to the maximum time of eight years while giving co-defendants milder sentences. Lanham contends the trial court abused its discretion by imposing the maximum sentence.

## John Robert Boone

Boone claims his guilty plea was involuntary due to ineffective assistance of counsel. He alleges that his attorney failed to thoroughly investigate the charges, that the "package" plea agreement involving two co-defendants was not in his best interest, and that his attorney told him the night before his plea that if he did not plead guilty he would receive a life sentence. Boone also contends that his counsel suddenly changed his opinion regarding an alleged faulty application for the search warrant. The night before arraignment, Boone claims counsel told him he probably would not succeed on this issue. Therefore, Boone claims the district court erred in denying his motion under Federal Rule of Criminal Procedure 32(d) which allows withdrawal of a plea before sentencing for "any fair and just reason."

▪ In 1983 rule 32(d) was amended to clarify the applicable post-sentence plea withdrawal standard and to clarify the post-sentence alternatives to a motion to withdraw. Fed.R.Crim.P. 32(d), advisory committee notes, 97 F.R.D. 245, 309 (1983).[4] Notwithstanding that a petitioner is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. *United States v. Rawlins*, 440 F.2d 1043, 1045–46 (8th Cir. 1971). It is still within the trial court's discretion to allow or deny the same. *Id.* at 1046; *United States v. Moore*, 822 F.2d 35, 37 (8th Cir.1987).

▪ Several factors are to be considered in determining whether to allow a pre-sentence motion to withdraw a plea: (1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawal, whether

---

1. On October 23, 1987, law enforcement officials discovered a large marijuana production operation on a farm near New York Mills, Minnesota. A search was conducted and seventeen people were later indicted on drug charges. John Robert Boone and David Brook Lanham were among those indicted.

2. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

3. We note that neither plaintiff was sentenced under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. §§ 3551–3581 (1982 ed., Supp. IV) and 28 U.S.C. §§ 991–998 (1982 ed., Supp. IV). Therefore, we have applied standards of review effective prior to the passage of the Sentencing Guidelines.

4. Post-sentence relief now must be sought under 28 U.S.C. § 2255. Under § 2255 a petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

the government will be prejudiced.[5] *United States v. Dixon*, 784 F.2d 855, 856–57 (8th Cir.1986); *United States v. Bryant*, 640 F.2d 170, 172 (8th Cir.1981); *United States v. Barker*, 514 F.2d 208, 220–22 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975).

Boone did not assert his legal innocence and he waited two months before seeking to withdraw his guilty plea. The district court held that Boone failed to establish a fair and just reason to withdraw his plea. Therefore, the question of government prejudice was not reached.

■ The court found that Boone failed to establish that his plea was involuntary and failed to show ineffective representation of counsel.[6] The court found it unlikely that counsel told Boone he would "certainly" receive a life sentence if he rejected the plea agreement. Counsel testified that he informed Boone that a guilty plea would reduce his exposure from a life sentence to twenty years, and that if he pled guilty he could not appeal the suppression denial. The district court diligently inquired about the validity of Boone's claims, considered the two months lapse before his motion to withdraw, and carefully reviewed the record of the plea hearing. The record of Boone's plea hearing directly contradicts Boone's assertions of involuntariness. In addition, the court found that defendant's testimony at the change of plea hearing that he knew and understood the terms of the agreement and its consequences established that his plea was voluntarily and intelligently made with adequate assistance of counsel.

■ We fail to find that the trial court abused its discretion in finding no fair and just reason for withdrawal of Boone's plea. In view of our holding that the guilty plea stands, we need not review defendant's claim relating to the alleged illegal search.[7]

### David Brook Lanham

Lanham claims his constitutional rights to due process and to be free from cruel and unusual punishment were violated when the trial court imposed the maximum sentence. Lanham claims his role was no greater than co-defendants who received lesser sentences. He also alleges the court imposed the disparate sentence without any basis in fact.

Lanham claims that although the court ruled it would not consider controverted matters under rule 32(c)(3)(D)(ii), it actually imposed a sentence for his "managerial" role in the operation by relying on challenged portions of the pre-sentence investigation report, which Lanham had no opportunity to rebut. He claims that absent characterization of Lanham as an administrator, there is no basis for the harsh sentence that was imposed. Therefore, the court violated the procedural requirements under rule 32 and Lanham should be resentenced.

■ A sentence within statutory limits is generally not subject to review. *United*

---

5. The notes of the advisory committee reject the notion that pre-sentence withdrawal of the plea should always be allowed unless the prosecution has been substantially prejudiced by reliance on it. 97 F.R.D. at 313. Federal Rule of Criminal Procedure 11 provides procedural safeguards to insure the accuracy of the plea. Plea agreements are now placed on the record, there is full inquiry into the voluntariness of the plea, the defendant is given detailed advice concerning his rights and the consequences of a plea, and there must be a determination that defendant understands these matters. Therefore, there is no reason to view pleas as "tentative." *Id.*

6. At the change of plea proceeding Boone expressed satisfaction with his counsel:

THE COURT: You've known Mr. Smith a long time. He's from Kentucky, too?
DEFENDANT BOONE: Yes, sir.
THE COURT: Do you have confidence in him?
DEFENDANT BOONE: Very much, sir.
THE COURT: Do you have any complaints to make about his legal services to you?
DEFENDANT BOONE: No, sir.
THE COURT: And you want to plead guilty?
DEFENDANT BOONE: Yes, sir.
Change of Plea Hearing Transcript, February 17, 1988, at 14.

7. A defendant who pleads guilty waives all nonjurisdictional defenses. *Hughes v. United States*, 371 F.2d 694, 696 (8th Cir.1967), *citing United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966).

*States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Castaldi v. United States,* 783 F.2d 119, 123 (8th Cir.), *cert. denied,* 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). In absence of gross abuse of discretion this court may not substitute its judgment for the discretion committed to the district court. *United States v. Hollis,* 718 F.2d 277, 279 (8th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). The district court is not required to explain on record its reasons for disparate sentences imposed on similar co-defendants within the statutory limitations.[8] *United States v. Hall,* 778 F.2d 1427, 1429 (9th Cir.1985); *see also United States v. Moore,* 656 F.2d 378 (8th Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 176 (1982). Lanham's claim fails to consider the difference in the length of time defendants had been present on the farm. Lanham had been involved in the operation for four months. The rest of the defendants who received lesser sentences had been at the farm from two days to a couple of weeks. In addition there was a difference between defendants in their capacity to contribute to the operation. Lanham had three years of college study in agricultural economics including a course in biology or plant growth.[9]

The sentence given Lanham was within the terms of the bargained for and accepted plea agreement. When he pled guilty, he knowingly exposed himself to a term of up to eight years.

The judgments of the district court are affirmed.

---

8. In this case, there existed diverse differences in the circumstances surrounding each of the defendants.

9. At sentencing, Lanham informed the court that contrary to his earlier objection, he had in fact studied agricultural economics, and had one course regarding biology or the raising of plants. Sentencing Transcript, April 29, 1988, at 24.