**UNITED STATES of America, Appellee,**

v.

**Shaker G. NASSIF, Appellant.**

**No. 89-1519.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Dec. 12, 1990.

Mark Meyer and Jon Kinnamon, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and WEBB,* District Judge.

WEBB, District Judge.

Shaker G. Nassif appeals the sentences imposed by the district court.[1] The defendant asserts that the district court violated his due process rights by considering a dismissed count as an enhancement factor when imposing sentence and by considering evidence that was unreliable. We affirm the judgment of the district court.

## I.

Nassif entered guilty pleas to four counts, two counts of the twelve count indictment and two counts from an information which had been substituted for part of the indictment. The plea was to charges of: 1) structuring currency transactions; 2) interstate travel to facilitate the commission of a felony; 3) importation of one kilogram or more of a mixture containing heroin; and 4) conspiracy to distribute.

Count eight of the indictment charged Nassif with distribution of or aiding or abetting the distribution of heroin which resulted in the death of David Weaver.

This count was dismissed. Paragraphs 40 and 102 of the Pre–Sentence Investigation Report stated that the death of David Weaver was connected with the heroin Nassif distributed. The court, after hearing evidence at sentencing, determined by a preponderance of the evidence that the heroin the defendant distributed contributed to the death of Weaver. The conspiracy count, which incorporates all of the defendant's criminal conduct, is the only count affected by defendant's claims.

## II.

A pre-guidelines sentence within statutory limits is generally not subject to review. *United States v. Boone*, 869 F.2d 1089, 1092 (8th Cir.1989). The statutory sentence range on the conspiracy count was from 10 years to life.[2] Nassif was sentenced to 45 years on the conspiracy count. He will become eligible for parole after serving 15 years of that sentence.[3] This court may not substitute its judgment for the discretion committed to the district court in the absence of gross abuse of discretion. *Boone*, 869 F.2d at 1093. The convicted defendant has the burden to show a clear and convincing case of abuse of discretion on the part of the sentencing judge or a patent violation of a constitutional guarantee to warrant setting aside the sentence. *Castaldi v. United States*, 783 F.2d 119, 125 (8th Cir.), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). Defendant Nassif has failed to make such a showing.

The defendant challenges the sentencing court's use of the preponderance standard of proof. Nassif argues that the Eighth Circuit recently changed the burden of proof the government must bear to clear and convincing evidence. However, this court merely held that a district court did

---

*The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. *See* 21 U.S.C. §§ 841(b)(1)(A)(i) and 846.

3. Nassif will not become eligible for parole until after serving 18 years on the importation count.

not err in using the higher standards of proof to make factual findings at a guidelines sentencing. *United States v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990). The court left open the question of whether district courts need "apply the preponderance standard or any standard of proof at all." *Id.* This court has held that the preponderance standard is sufficient. *United States v. Winfrey*, 900 F.2d 1225, 1228–29 (8th Cir.1990); *United States v. Sleet*, 893 F.2d 947, 949 (8th Cir.1990); *United States v. Gooden*, 892 F.2d 725, 728 (8th Cir.1989).

 Nassif also raises concerns about the sufficiency of the evidence used to enhance his sentence. Nassif asserts that conflicting testimony should not support the enhancement. The preponderance of evidence standard satisfies due process where a disputed fact issue constitutes a sentencing consideration. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986). This court has held that due process is satisfied if "the information which the sentencing judge considers has sufficient indicia of reliability to support its probable accuracy." *United States v. Blade*, 811 F.2d 461, 468 (8th Cir.1987). At the sentencing hearing, the district court made the following finding: "I conclude by a preponderance of the evidence that the heroin which contributed to the death, didn't cause the death, contributed to the death, the lesser finding, ... is traceable to the Defendant as a source. That's my finding with respect to paragraphs 40 and 102." In reaching its decision, the court reviewed relevant portions of the trial transcript of John Ciha, the medical examiner's report, a letter prepared by George Ackerman, an investigator for the defendant, a medical reference addressing Thorazine, a statement by Mrs. Weaver, and the autopsy report. The court adopted the pathologist's report ruling that heroin was a contributing factor in Weaver's death.

The district judge stated that the issue of whether the heroin Weaver last used was traceable to the defendant depended on which version of John Ciha's testimony one believed. The court chose to believe the testimony of Ciha before the Grand Jury when he was granted use immunity. The sentencing judge's finding by a preponderance of the evidence satisfied the requirement that the information had "sufficient indicia of reliability to support its probable accuracy" and will not be disturbed on appeal.

The district court's thorough evaluation of the evidence does not indicate an abuse of discretion or any violation of due process. The conclusions drawn by the court from the evidence are not strained or unsupported. Therefore, the district court did not abuse its discretion in ruling by a preponderance of the evidence that the defendant was the source of the heroin which contributed to the death of Weaver.

HEANEY, Senior Circuit Judge, concurring.

I concur in the result only because no questions are raised on appeal with respect to the importation count. As Nassif will not become eligible for parole on that count until after he has served eighteen years, we need not reach the question of whether the conspiracy sentence is valid.