**UNITED STATES of America, Appellee,**

v.

**Daniel Gary MILLER, Appellant.**

**No. 91–1675.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Sept. 3, 1991.

---

McMILLIAN, Circuit Judge.

Daniel Gary Miller appeals from a final judgment entered in the District Court [1] for the Eastern District of Arkansas after he pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Miller to seventy months imprisonment, three years supervised release and a special assessment of $100.00. For reversal, Miller argues that the district court erred in increasing his offense level for obstruction of justice. For the reasons discussed below, we affirm the judgment of the district court.

According to the presentence investigation report (PSR), Miller entered an Arkansas bank on April 26, 1990, pointed a loaded revolver at a teller, demanded money, and received $3,895 from a teller. Miller then drove to a park, where he hid the revolver and the money, and left the state. He was subsequently arrested at his parents' home in New Jersey and admitted his involvement in the offense.

The PSR calculated the base offense level at 20. U.S.S.G. § 2B3.1(a) (Nov. 1990) (robbery). This level was increased by two because property of a financial institution was taken, *id.* § 2B3.1(b)(1), and by five because a firearm was discharged, *id.* § 2B3.1(b)(2)(A). The PSR also recommended a two-level increase for obstruction of justice, *id.* § 3C1.1 (Nov. 1990), because Miller attempted to escape from the New Jersey facility where he was initially confined. With a total offense level of 29 and a criminal history category of II, the applicable guideline sentencing range was 97–121 months imprisonment. Miller denied attempting to escape and objected to the increase for obstruction of justice.

At sentencing, the district court heard testimony from a deputy marshal at the New Jersey facility and from Miller concerning the objection to the obstruction of justice enhancement. The deputy marshal

William A. McLean and John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Kevin T. Alexander, Little Rock, Ark., for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

testified that during the transfer of nine or ten prisoners, including Miller, to another correctional center, he saw Miller standing with his hands on an emergency door trying to open it. The deputy marshal testified that Miller looked surprised to see him, smiled, shrugged his shoulders and said "I had nothing to lose by trying." Miller then complied with the order to get back in line with the other prisoners. All the prisoners were wearing waist chains, leg irons, and handcuffs.

Miller testified that during the time he was at the New Jersey facility he had a dislocated ankle and could hardly walk on it. He testified that he leaned against the emergency doors in order to rest his injured ankle. In response to being asked what he was doing, he made the statement "Well, can you blame me for trying," but he had no intention of escaping, emphasizing that he was shackled and did not know the building.

The district court credited the deputy marshal's testimony and found that, although the evidence of an attempted escape was weak, it supported an increase for obstruction of justice. The district court further found that Miller had accepted responsibility and was entitled to a two-level decrease. The district court also reduced the offense level by two points for accidental discharge of a weapon. Based on an offense level of 25 and a sentencing range of 63–78 months, the district court sentenced Miller to seventy months imprisonment. On appeal Miller argues that the government failed to meet its burden of proof to present sufficient evidence to support a finding that he willfully attempted to obstruct the administration of justice.

■ This court gives due regard to a district court's credibility determinations and accepts a district court's findings of fact unless they are clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Duke*, 935 F.2d 161, 162 (8th Cir.1991) (district court given "broad discretion to apply section 3C1.1 to a wide range of conduct").

Note 3 of the commentary to U.S.S.G. § 3C1.1 lists "attempting to escape from custody before trial" as an example of the type of conduct to which the obstruction enhancement applies. The government bears the burden of proving by a preponderance of the evidence that the defendant attempted to escape. *United States v. Nassif*, 921 F.2d 168, 169–70 (8th Cir.1990). Upon review of the record we conclude that the district court's findings were not clearly erroneous. Based on its findings we cannot say that the district court abused its discretion in applying the enhancement for obstruction of justice.

Accordingly, we affirm the judgment of the district court.