United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-3468

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of North Dakota.
Terrance Leroy Nelson,　　　　　*
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　Appellant.　　　　　　　*

_____

Submitted: February 6, 1998

Filed: February 10, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
　　　Judges.

_____

PER CURIAM.

Terrance Leroy Nelson appeals the district court's[1] order denying his motion to withdraw his guilty plea. We affirm.

Nelson was charged with drug and firearm offenses in a six-count indictment. In a plea agreement filed on March 11, 1997, he agreed to plead guilty to three counts--

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

conspiring to manufacture methamphetamine, distributing methamphetamine, and being a felon in possession of a firearm--"because he is in fact guilty" of the charges in these counts. The agreement set forth the factual basis for each of the three counts, and stated, inter alia, that Nelson had read the charges in the indictment, his attorney had fully explained the charges to him, and he "fully underst[ood] the nature and elements of the crimes with which he ha[d] been charged." The agreement also contained the government's promise to recommend a sentence at the low end of the guidelines range; and to file a motion for downward departure or reduction of sentence, if the government believed Nelson had fulfilled his promise to assist in its investigation.

At the change-of-plea hearing on March 20, Nelson testified that his mind was clear and he understood what was occurring; that his attorney had explained to him the plea agreement's benefits and the rights he would give up; and that he was satisfied with his attorney's advice. Nelson pleaded guilty to the three counts, the government summarized the factual basis for each, and the court accepted Nelson's pleas.

On May 15, Nelson met with law enforcement officers pursuant to the cooperation agreement. On May 29, at Nelson's request, Nelson's attorney moved to withdraw the guilty plea and to withdraw as Nelson's counsel. Another attorney was appointed to represent Nelson.

A withdrawal-of-plea hearing was held in July 1997. In support of the motion, Nelson offered his own affidavit. He attested he had difficulty remembering and understanding information explained to him and was "absolutely innocent" of the two drug counts; any prior admissions to the contrary occurred because he did not understand the charges or the government's evidence; he had signed the plea agreement after his attorney explained the charges to him, but he did not recall reading it; and he had told his attorney he did not understand "all portions" of the agreement or the evidence the government had against him. Nelson further attested he began to understand the charges and the evidence at the May 15 meeting; he then learned of the

chemicals he allegedly purchased, although he had not bought "all" of them, and the methamphetamine recipes he allegedly had, although he never had them "in [his] possession." Nelson also offered the affidavits of his current and former attorneys, who attested to their difficulty communicating information to Nelson and their present uncertainty that Nelson had understood the drug charges.

Testifying for the government were an officer who was present at the May 15 meeting and a probation officer who provided Nelson's pretrial supervision and prepared the presentence report. Both testified they had no difficulty communicating with Nelson.

The district court denied Nelson's motion to withdraw his guilty plea, finding that Nelson had failed to establish his plea was based on "mistake" because he clearly understood the nature of the charges against him. Noting Nelson offered no medical evidence of incompetency, the court found that at his change-of-plea hearing, Nelson had responded appropriately to the court's inquiries, and had appeared aware and informed of each pending charge. The court further found that Nelson's assertions that he did not purchase "all" of the chemicals and did not possess the methamphetamine recipes did not negate the sufficiency of the evidence of criminal conduct. The court sentenced Nelson to 151 months imprisonment, consistent with his counsel's request and the plea agreement's recommendation of a sentence at the low end of the guidelines range.

On appeal, Nelson argues the district court abused its discretion in denying his motion to withdraw his guilty plea, because the court ignored his affidavits, including "unchallenged" evidence that he was unable to understand the charges against him.

The district court may not permit withdrawal of a guilty plea unless the defendant first establishes a "'fair and just reason.'" See United States v. Jones, 111 F.3d 597, 601 (8th Cir. 1997) (quoting Fed. R. Crim. P. 32(e)). "'A guilty plea is a solemn act

not to be set aside lightly.'" <u>Jones</u>, 111 F.3d at 601 (quoted case omitted).  Having considered all the circumstances--including the district court's ability to observe Nelson at the change-of-plea hearing, and the court's finding that Nelson understood the charges--we conclude the district court did not abuse its discretion in finding Nelson had established no fair and just reason for withdrawal and denying the motion.  <u>See</u> <u>United States v. Wicker</u>, 80 F.3d 263, 266, 268 (8th Cir. 1996) (standard  of review; credibility determinations virtually unreviewable on appeal); <u>United States v. Abdullah</u>, 947 F.2d 306, 311 (8th Cir. 1991) (district court need not inquire further, if defendant does not establish fair and just reason for withdrawal of plea), <u>cert denied</u>, 504 U.S. 921 (1992); <u>cf.</u> <u>United States v. Yell</u>, 18 F.3d 581, 582-83 (8th Cir. 1994) (defendant's claim that guilty plea was induced by stress--which he supported by his attorney's testimony--was "spurious and without credible foundation" in light of record made at plea hearing).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.