United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-4208

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rodney Wassem Mahto, also known | * | District of North Dakota. |
| as Rodney Wassem Larson, also known | * | |
| as Rodney Wassem Mahto, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: April 7, 1998
Filed: April 13, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Rodney Wassem Mahto pleaded guilty to causing and attempting to cause a child under age sixteen to engage in a sexual act by threatening and placing the child in fear, in violation of 18 U.S.C. §§ 2242(1) and 1153. After refusing to allow Mahto to withdraw his guilty plea, the district court[1] sentenced him to 151 months imprisonment and three years supervised release. On appeal Mahto argues the court erred in refusing

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

to allow him to withdraw his guilty plea, because he presented a fair and just reason to do so: his relationship with defense counsel was strained at the time Mahto pleaded guilty, and he felt an overwhelming pressure to plead guilty. We reject Mahto's argument and affirm.[2]

We review for abuse of discretion the district court's decision to deny Mahto permission to withdraw his plea under Federal Rule of Criminal Procedure 32(e), which permits withdrawal of a guilty plea before sentencing upon a showing of "a fair and just reason." See United States v. Morales, 120 F.3d 744, 747 (8th Cir. 1997).

The district court did not abuse its discretion in concluding Mahto had failed to establish a fair and just reason. Mahto did not indicate at the change-of-plea hearing that counsel had pressured him into pleading guilty, or that he otherwise was unhappy with counsel's performance at that time. See United States v. Abdullah, 947 F.2d 306, 312 (8th Cir. 1991) (failure to assert any objections to counsel's performance at Fed. R. Crim. P. 11 hearing refutes any claim of ineffective assistance as basis for withdrawing plea), cert. denied, 504 U.S. 921 (1992). Even assuming Mahto established a fair and just reason, see id. at 311 (if defendant does not present fair and just reason, other factors need not be examined), almost three months elapsed between the guilty plea and Mahto's request to withdraw it, see United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.) (no error in refusing to allow withdrawal of guilty plea two months after its entry), cert. denied, 493 U.S. 822 (1989), a delay the district court determined was prejudicial to the government.

---

[2]We reject the government's suggestion that this appeal should be dismissed based on Mahto's purported waiver of his right to appeal. Cf. United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (waiver of right to appeal sentence was knowing and intelligent where it was included in plea agreement, it was discussed at some length at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed waiver of right to appeal).

Finally, we note that Mahto's disagreement with prior Eighth Circuit decisions interpreting Rule 32(e) is not a basis for relief, because we are bound by these decisions.  <u>See</u> <u>United States v. Prior</u>, 107 F.3d 654, 660 (8th Cir.) (one Eighth Circuit panel may not overrule another panel's decision), <u>cert. denied</u>, 118 S. Ct. 84 (1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.