# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0796** (Clay County 10-F-27)

**Henry S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Henry S.,[1] by counsel David M. Dawson, appeals his conviction by a "no contest" plea to one count of first degree sexual assault. The Circuit Court of Clay County entered petitioner's sentencing order on May 31, 2012. The State, by counsel Thomas W. Rodd, filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 28, 2009, the DHHR conducted a forensic interview of then five-year-old K.W. In the interview, K.W. stated that "Nig-Nig," K.W.'s name for petitioner, rubbed her vagina and had her perform oral sex on him, which "tasted nasty." K.W. and her mother were residing in petitioner's home when these events occurred. During a second interview, on October 15, 2009, K.W. reported that Nig-Nig touched her "a lot" and put his penis in her mouth. As part of the ensuing police investigation, petitioner was read his *Miranda*[2] rights and then given a polygraph examination during which petitioner said that K.W. had come up from underneath an open dresser drawer and

> grabbed [petitioner's penis] . . . I don't know about her putting it in her mouth, I [didn't] think she had enough time, I don't think unless she done it at the same time or something.
> . . . .

---

[1] Consistent with our practice in cases involving sensitive matters, we use petitioner's first name and last initial and the child victim's initials as per *State v. Edward Charles L.*, 183 W.Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

unless she did taste it there, because I had sex with my wife earlier that morning, that's why I didn't have no underwear on.

Petitioner was indicted on November 3, 2010, on two counts of first degree sexual assault and two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, all in violation of West Virginia Code § 61-8B-3.

Following a hearing, the circuit court entered its pre-trial order on July 19, 2010. The circuit court ruled that (1) after petitioner had been read his *Miranda* rights, he gave a voluntarily statement to the police during a polygraph examination which was admissible at trial; (2) neither party was allowed to mention that this statement had been taken during a polygraph examination; and (3) because the polygraph examiner's notes from petitioner's examination had been destroyed, the jury would be given a spoliation instruction.

At a March 29, 2011 hearing, petitioner entered a "no contest" plea to one count of first degree sexual assault. In exchange for the plea, the State agreed to dismiss the remaining three counts against petitioner. The circuit court accepted the plea and then told petitioner that he was statutorily-mandated to participate in a post-plea, sexual offender's evaluation. In regard to the evaluation, the circuit court told petitioner that if he did not admit guilt during the evaluation, he would likely not be given an alternative sentence. The circuit court said,

> when you tell this court that you do not – that you are not going to admit guilt, that when you are referred to the sexual offender's evaluation, that if you do not accept criminal responsibility, which means you don't admit guilt, then in all probability the report . . . is that there is no meaningful plan or recommendation that the psychologist or psychiatrist can recommend for treatment because you have not accepted criminal responsibility? Do you understand this?

Petitioner answered, "Yes."

Thereafter, petitioner filed a motion to withdraw his plea based on the "new evidence" that K.W. had recanted her statements regarding petitioner's sexual assaults. At an August 26, 2011, hearing on petitioner's motion to withdraw his plea, K.W.'s mother, whose rights to K.W. had been terminated, testified that K.W. told her that "Uncle Nig-Nig never did this." Petitioner claimed that K.W.'s mother reported K.W.'s recantation to a contract worker at DHHR who may have memorialized the conversation. In response, the circuit court, on its own motion, undertook an in camera review of all of DHHR's notes regarding K.W.'s abuse and neglect proceeding. Thereafter, the circuit court ordered that the notes be made part of the record.

On April 26, 2012, the circuit court entered its order denying petitioner's motion to withdraw his plea on the ground that nothing in the notes constituted new evidence. The order stated, in part, as follows:

> The record reflects that [petitioner] failed to adduce any evidence during the evidentiary hearing held on August 26, 2012, that the victim had recanted her prior statement regarding sexual abuse by him and failed to produce any evidence

2

from the victim as to any recantation. Further, based on the record, [petitioner] failed to adduce any evidence from any third party that the victim had given her mother or any other witness an inconsistent statement or had recanted her statements to said witnesses. The evidence adduced at the hearing was to the contrary. DHHR workers Francis Roop and Helen White, as well as Julie [G.], the alleged victim's foster mother, testified they knew of no recantation by the alleged victim of the abuse she suffered by [petitioner] in this matter. The testimony of Ms. [G.] further reflected she has never known the alleged victim to recant her story, Ms. [G.] stated the alleged victim's story had remained constant throughout . . . .

Accordingly, the [c]ourt finds that [petitioner] has not shown a sufficient factual basis for the withdrawal of the plea herein.

Following petitioner's May 21, 2012 sentencing hearing, the circuit court, by order entered May 31, 2012, found that petitioner had failed to take criminal responsibility for his actions and, therefore, a treatment plan was not possible. The circuit court also found that petitioner had a significant criminal history that included felony convictions; had prior sexual assault charges relating to other child victims; and was likely to reoffend. After noting that alternative sentencing would depreciate the seriousness of petitioner's crimes, the circuit court sentenced petitioner to not less than twenty-five nor more than one hundred years in prison.

Petitioner now appeals his conviction and the circuit court's denial of his motion to withdraw his "no contest" plea.

In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Petitioner first argues that the circuit court abused its discretion when it refused to allow him to withdraw his "no contest" plea. Petitioner argues that Rule 32(e) of the West Virginia Rules of Criminal Procedure permits the withdrawal of a no contest plea prior to sentencing for "any fair and just reason." Petitioner claims that the new evidence that K.W. recanted her allegations gave the circuit court a fair and just reason to allow him to withdraw his plea.

This Court has stated that a defendant has no absolute right to withdraw a plea. In *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998), we said,

[w]hile it is true that under certain conditions a defendant may withdraw his/her plea before sentencing, "'it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing.'" *Duncil*, 183 W.Va. at 178, 394 S.E.2d

3

at 873 (*quoting United States v. Boone*, 869 F.2d 1089, 1091 (8th Cir.), *cert. denied*, 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989)). "Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *United States v. Hyde*, 520 U.S. 670, 677, 117 S.Ct. 1630, 1634, 137 L.Ed.2d 935 (1997).

(Internal footnote omitted.) Although K.W.'s mother testified at the hearing on petitioner's motion to withdraw his plea that K.W. had recanted her allegations against petitioner, K.W.'s foster mother and two workers from the Department of Health and Human Resources ("DHHR") testified that K.W. had never recanted her statements about petitioner. Moreover, after reviewing all of DHHR's records regarding K.W.'s abuse and neglect proceeding, the circuit court found no evidence that K.W. had recanted her statements. Therefore, K.W.'s mother's testimony was uncorroborated. Petitioner also failed to present any evidence negating his statement that K.W. had petitioner's penis in her hand and, possibly, in her mouth. Given these facts, we cannot say that the circuit court abused its discretion in finding that petitioner failed to show a "fair and just" reason for the withdrawal of his plea.

Petitioner's second assignment of error is that the circuit court erred when it ruled at a pretrial hearing that it would allow the State to admit into evidence at trial defendant's statements made during the polygraph examination, where the polygraph examiner's notes were destroyed prior to the pretrial hearing.

We have said,

[a]s a general rule, an *unconditional* plea of guilty or *nolo contendere*, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. Although a defendant may still challenge the sufficiency of the indictment or other defects bearing directly upon the State's authority to compel the defendant to answer to charges in court, claims of nonjurisdictional defects in the proceedings, such as unlawfully obtained evidence and illegal detention, generally will not survive the plea.

*State v. Lilly*, 194 W.Va. 595, 605-06, 461 S.E.2d 101, 111-12 (1995) (internal citations omitted). At petitioner's plea hearing, the trial court explained petitioner's legal rights and the effect of entering a plea on those rights, in exhaustive detail. In response, petitioner repeatedly stated that he understood his rights. The circuit court also asked petitioner the following question:

Do you understand that by entering this plea, you are waiving or giving up all pretrial defects with regards to, among others, your arrest, the gathering of evidence, the prior confessions, and further, by entry of this plea, you give up all non-jurisdictional defects with regards to this case? Do you understand that?

4

Petitioner answered, "Yes" to the court's question. Therefore, petitioner has knowingly and intelligently waived all pre-trial and non-jurisdictional defects in the case against him, including any error regarding spoliation of evidence.

Petitioner's third assignment of error is that he was not allowed to review K.W.'s abuse and neglect records until after the circuit court had reviewed them in camera and ruled on petitioner's motion to withdraw his plea. Petitioner claims that those records could have contained exculpatory information. Petitioner concludes that the State's failure to timely provide the abuse and neglect records was one more "fair and just" reason to allow him to withdraw his plea.

Petitioner failed to make K.W.'s abuse and neglect records part of his record on appeal even though the circuit court made them part of the record below. Petitioner also failed to disclose what, if any, exculpatory evidence was contained in those records. As such, we are prevented from determining whether petitioner was prejudiced by the circuit court's actions. "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). *See also State v. McIntosh*, 207 W.Va. 561, 576, 534 S.E.2d 757, 772 (2000).

Petitioner's fourth and final assignment of error is that the circuit court erred in accepting petitioner's "no contest" plea, without first informing petitioner that alternate sentencing would be available only if petitioner admitted his guilt during a post-plea sexual offender's evaluation. Petitioner contends that it is paradoxical for a trial court to accept a "no contest" plea and then require a defendant to admit guilt to receive an alternative sentence. Petitioner concludes that this unjust result was another "fair and just" reason to allow him to withdraw his plea.

Petitioner's argument is without merit. As noted in the facts above, at petitioner's plea hearing, the trial court clearly informed petitioner that if he did not admit guilt during the sexual offender's evaluation, he would likely be precluded from a receiving probationary treatment. Thus, the circuit court did not err.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5