UNITED STATES of America, Appellee,

v.

**Michael Dewayne WINFREY, Appellant.**

UNITED STATES of America, Appellee,

v.

**Michael Deshawn REED, Appellant.**

UNITED STATES of America, Appellee,

v.

**Richard Anthony EVANS, Jr.,
Appellant.**

**Nos. 89–1434 to 89–1436.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1990.

Decided April 9, 1990.

Ronald L. Wheeler, Joseph G. Bertogli, and George W. Appleby, Des Moines, Iowa, for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

BOWMAN, Circuit Judge.

Michael D. Winfrey, Michael D. Reed, and Richard A. Evans, Jr. were convicted of conspiring to distribute cocaine and cocaine base or "crack," in violation of 21 U.S.C. § 846 (1988). Reed and Winfrey were each convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). Evans was found guilty of one count of distributing cocaine base, a violation of 21 U.S.C. § 841(a)(1). The District Court[1] sentenced appellants under the Sentencing Guidelines to prison terms ranging from 122 to 230 months.

Reed and Winfrey argue that the one hundred to one ratio of cocaine to cocaine base contained in the Sentencing Guidelines, *see* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(c) (Nov. 1989), is unconstitutional because (1) it violates the due process clause of the Fifth Amendment; and (2) constitutes cruel and unusual punishment in violation of the Eighth Amendment. In addition, Reed argues that he was denied the speedy trial guaranteed him by 18 U.S.C. § 3161(c)(1) (1988). Winfrey claims that the District Court erred in determining the amount of cocaine base attributable to him in calculating his sentence under the Guidelines. Evans's sole claim is that the evidence presented was insufficient to convict him of the distribution count. We affirm the judgments of the District Court.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## I.

We turn first to appellants' constitutional challenges to their sentences.

The Drug Quantity Table of the Sentencing Guidelines, U.S.S.G. § 2D1.1(c), treats one gram of cocaine base as equivalent to 100 grams of cocaine in determining an individual's base offense level. Appellants argue that this ratio violates the due process clause of the Fifth Amendment and constitutes cruel and unusual punishment prohibited by the Eighth Amendment. These constitutional challenges to the Guidelines recently were rejected by this Court in *United States v. Buckner*, 894 F.2d 975 (8th Cir.1990). We concluded "that the '100 to 1 ratio' of cocaine to cocaine base in the Sentencing Guidelines is rationally related to Congress's objective of protecting the public welfare," and therefore a substantive due process challenge to this provision cannot succeed. *Id.* at 980. We further held that the ratio withstands the Eighth Amendment proportionality analysis set forth in *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983), because (1) "Congress found crack to pose a serious danger to our society much greater than that posed by cocaine"; (2) the danger posed by the use and distribution of crack led Congress to treat this drug offense "as it did heinous crimes of violence"; and (3) under the Guidelines the punishment for crack offenses is the same in all federal jurisdictions and is comparable to the penalties imposed in several states. *Buckner*, 894 F.2d at 980–81. *Buckner* is the law of this Circuit. We therefore reject appellants' substantive due process and Eighth Amendment challenges to the one hundred to one ratio of cocaine to cocaine base established by the Guidelines.

## II.

Reed claims that he was denied a speedy trial as guaranteed him by 18 U.S.C. § 3161(c)(1). This claim has no merit.

Section 3161(c)(1) provides that the trial of a defendant who pleads not guilty "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Importantly, however, Section 3161(h) states:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . . .
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

18 U.S.C. § 3161(h)(1)(F), (h)(7).

The indictment against Reed was filed on August 18, 1988, and his trial began on November 14, 1988, eighty-seven days after the filing of the indictment. Codefendants Gary Lewis and Ricco Winfrey, however, first appeared before a judicial officer on September 6, 1988. Pursuant to section 3161(h)(7), the speedy trial clock does not begin to run until the date the last codefendant makes an initial appearance, provided that this period of delay is "reasonable." We have no difficulty concluding that the nineteen-day delay between August 18 and September 6 was reasonable, and therefore excluded in computing the time within which Reed's trial must have commenced.

Moreover, section 3161(h)(1)(F) excludes delays caused by pretrial motions from the computation of time for speedy trial purposes. The delay caused by a pretrial motion filed by one defendant is excludable as to all codefendants. *United States v. Fogarty*, 692 F.2d 542, 546 (8th

Cir.1982), *cert. denied,* 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983). In the instant case, there was an excludable forty-four-day delay caused by Evans's motion for discovery filed on September 21 and ruled on by the District Court on November 3. Accordingly, the District Court fully complied with the requirements of 18 U.S.C. § 3161 as Reed's trial began after only twenty-four includable days had elapsed.

### III.

■ Winfrey claims that the District Court erred in determining the quantity of cocaine base attributable to him and in calculating his offense level accordingly. We disagree.

The Guidelines state that "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction" are relevant to determining the applicable guideline range. U.S.S.G. § 1B1.3(a)(2). The Commentary to this section explains that "quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, comment. (backg'd). The District Court found that 151 kilograms of cocaine was the correct amount to use in calculating Winfrey's offense level. We must accept this finding of fact by the District Court unless it is clearly erroneous. 18 U.S.C. § 3742(e) (1988); *United States v. Brett,* 872 F.2d 1365, 1371 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989).

The District Court's finding was based primarily on the trial testimony of Lamont Harrington, a coconspirator who testified against appellants after being granted immunity. After assessing Harrington's credibility at trial and hearing rebuttal evidence from Winfrey at his sentencing hearing, the District Court found that most, but not all, of the cocaine and cocaine base which Harrington stated he brought into Des Moines and distributed along with

Winfrey should be used to calculate Winfrey's offense level. The District Court discounted a portion of Harrington's testimony because no accurate records were kept as to dates and amounts of cocaine base transported to Des Moines. Winfrey argues that the District Court's finding regarding the quantity of drugs attributable to Winfrey was improper because it was based on facts not proved beyond a reasonable doubt. This Court has consistently held, however, that factual determinations at sentencing hearings need not be proved beyond a reasonable doubt. *United States v. Murphy,* 899 F.2d 714, 716–17 (8th Cir.1990) (affirming sentence based on facts proved by clear and convincing evidence; clear and convincing standard is higher standard than required); *United States v. Luster,* 896 F.2d 1122, 1129 (8th Cir.1990) (affirming sentence because, although district court did not explicitly state standard of proof it used, its findings were "adequate for … a meaningful review"); *United States v. Gooden,* 892 F.2d 725, 728 (8th Cir.1989) (affirming sentence based on facts proved by a preponderance of the evidence), *petition for cert. filed,* (U.S. Feb. 6, 1990) (No. 89–6786); *United States v. Ehret,* 885 F.2d 441, 444 (8th Cir.1989) (affirming sentence based on facts proved by clear and convincing evidence and suggesting that a district court may not be required to employ any particular standard of proof when finding facts at a Guidelines sentencing hearing), *cert. denied,* — U.S. —, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990).

In the present case, the District Court required the government to prove the quantity of drugs by "satisfactory and convincing" evidence which the court equated with a standard of "reasonable certainty." Transcript of Sentencing Hearing at 47. In light of our previous holdings, this standard of proof is more than sufficient. Moreover, consistent with pre-Guidelines cases that found no constitutional right to a particular standard of proof at sentencing proceedings, and as we previously have suggested in *Ehret,* it may not be incumbent on a district court to articulate any

particular standard of proof when finding facts at a Guidelines sentencing hearing. *See McMillan v. Pennsylvania,* 477 U.S. 79, 91, 92 n. 8, 106 S.Ct. 2411, 2418, 2419 n. 8, 91 L.Ed.2d 67 (1986) ("Sentencing courts have traditionally heard evidence and found facts without any prescribed burden at all."). The District Court did not err in determining the quantity of cocaine base attributable to Winfrey.

### IV.

 Evans argues that the evidence presented was insufficient to convict him on the distribution count charged in Count Three of the indictment, and therefore his motion for judgment of acquittal should have been granted. In deciding this claim, "we must examine the evidence in a light most favorable to the government, giving it the benefit of all reasonable inferences," and will reverse only if we conclude that a reasonable jury could not have found Evans guilty beyond a reasonable doubt. *United States v. Davis,* 785 F.2d 610, 619 (8th Cir.1986).

Count Three of the indictment charged Evans with distributing half a gram of cocaine base on July 26, 1988. On that date, two undercover narcotics officers of the Des Moines police department were surveilling an area in north Des Moines where police suspected illegal drug transactions occurred. Harrington testified that Evans and Reed regularly sold crack at this location under the supervision of Winfrey. On July 26, the officers observed Evans approach the driver's side of several vehicles that stopped at the street corner and exchange a small packet that Evans took from the pocket of his jacket for what appeared to be paper money. When Reed and Evans attempted to drive away from the scene, the undercover officers and two uniformed officers stopped their car and arrested them. An officer searched Evans and found two small baggies containing a brown rock-like substance, later identified as crack cocaine, and $424.76 in cash. A search of the car uncovered substantial amounts of crack cocaine under the front seat and in the glove compartment. Har-

rington testified that he and appellants' codefendant, Ricco Winfrey, packaged the crack in $20 bags that contained approximately one-tenth of an ounce of crack. The government argued that the $424.00 found on Evans indicated that he sold approximately twenty-one bags, or slightly over two ounces, of crack that afternoon. Presented with this evidence, we believe that a reasonable jury could have found Evans guilty beyond a reasonable doubt of distributing one half gram of cocaine base.

### V.

We conclude that the issues appellants have raised lack substance. The judgments of the District Court are affirmed.