UNITED STATES of America, Appellee,

v.

Kevin Lynn BEAL, Appellant.

No. 90–5419MN.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1991.

Decided July 30, 1991.

---

James E. Ostgard, Minneapolis, Minn., for appellant.

Denise D. Reilly, Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON, and BOWMAN, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellant, convicted and sentenced on five counts of drug and firearms violations [1], challenges three rulings of the District Court [2] on questions of evidence, one

---

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. He was acquitted on one firearms count.

2. The Honorable David S. Doty, District Judge of the District of Minnesota, Fourth Division.

involving the speedy trial act, and one relating to the quantity of cocaine to be attributed to appellant in determining his offense level under the sentencing guidelines. We affirm.

Appellant was indicted along with 20 other defendants following an extensive drug investigation, which generated voluminous wiretap evidence. Kingpin in the massive conspiracy was one Ralph Duke, whose son's girlfriend Serena Nunn (appellant's cousin) helped as a major participant in distribution of cocaine and collection of money. Appellant's girlfriend Sandra Jefferson was a courier for the conspiracy.[3]

## I

■ Appellant's first issue is that a mistrial should have been granted after appellant's probation officer under a prior conviction testified that he had been called by Sandra Jefferson who "said she was concerned about Kevin. She said that he was using drugs and dealing drugs and that they were separated and that I should do something about it, that things were out of control in their home."

The District Court denied the defense request for mistrial but gave a corrective instruction directing the jury to disregard this evidence.[4] Ordinarily (and in the case at bar), such a curative instruction is adequate and whether or not to grant a mistrial is discretionary with the trial court. *Greer v. Miller*, 483 U.S. 756, 764–65, 107 S.Ct. 3102, 3108, 97 L.Ed.2d 618 (1987); *U.S. v. Casal*, 915 F.2d 1225, 1229 (8th Cir.1990). Any error was harmless. *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

The case against appellant was not weak; there was abundant evidence demonstrat-

ing guilt. As summarized in Appellee's brief (pp. 11–12):

Drug Enforcement Agent Carey testified that a number of items found in Beal's apartment showed his involvement in the cocaine business: guns, scales, drug notes, baggies, inositol. Other indicia of Beal's drug dealing were his unemployment, but lavish use of cash, expensive travel, different addresses, mobile phone, and the heavy, short-term traffic in and out of Beal's apartment.

The District Court did not abuse its discretion in denying a mistrial.

## II

■ Appellant's second contention regarding rulings as to evidence is that certain tape recordings of conversations *inter sese* by members of the Duke conspiracy should have been excluded as hearsay not subject to the declaration by a co-conspirator exception, because there was insufficient identification of the other party to the conversations. But if the declarant is a co-conspirator the testimony is admissible, the third party's participation being merely explanatory in interpreting the declarant's statements. And Serena Nunn, a major participant, and appellant's nephew Erik Townsend (who shared an apartment with appellant and upon whom appellant seeks to shunt off responsibility for drug-related items found there when a search warrant was executed) are clearly parties to the Duke conspiracy. Appellant's objections to this evidence are without merit.

## III

Appellant's third contention relating to admission of evidence deals with appellant's own conversation with Serena Nunn, his cousin.

cocaine by reason of Sandra Jefferson's detention. Appellant visited her in the Iowa jail.

---

**3.** The government dismissed her after the court suppressed as evidence the nine kilograms of cocaine seized from her in Iowa on an inventory search when she was arrested on the complaint of a rental car company which owned the car in which she was traveling that had been rented to one Presley Johnson. *U.S. v. Jefferson*, 906 F.2d 346, 348 (8th Cir.1990). Wire tap evidence showed that Ralph Duke's son explained to a drug dealer that he was short of

**4.** The evidence was objected to as hearsay and not admissible as a co-conspirator's statement as it was not in furtherance of the conspiracy. Defendant's cross-examination also discredited its truthfulness, attempting to show that it was a false derogatory statement, spitefully made because of a lover's quarrel.

■ Beal's macho braggadocio is bellicose, boring, repetitive, foul-mouthed, hyperbolical, and in poor taste, but certainly a defendant cannot complain if his own admissions and account of his actions (whether objectively well-founded or not) is received in evidence against him.

As the government argues, this evidence was admissible as an indirect threat to Serena Nunn and Duke if they ran afoul of appellant, is indicative of knowing participation in drug traffic and willingness to use violence to further it, as evidence of familiarity with firearms and willingness to use them in achieving the objectives of the drug-related conspiracy.

### IV

■ Appellant also argues that his right to a speedy trial on the firearms and "stash pad" counts were violated because the superseding indictment alleging those offenses was not filed until 200 days (over 30 days) after his arrest on the drug conspiracy charge alleged in the original indictment and combined for trial with the offenses charged in the superseding indictment.

This contention is clearly without merit. The statutory provision upon which appellant relies states (18 U.S.C. § 3161(b)):

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty day period, the period of time for filing of the indictment shall be extended an additional thirty days.

By its terms this section applies only if the arrest was made "in connection with *such* charges" [italics supplied], *i.e.* the charges set forth in an information or indictment "charging an individual with the commission of an offense," that is to say,

the particular offense specified in said information or indictment.

When the second indictment containing additional charges was filed, appellant was already in custody, being detained under the first indictment. Therefore there actually was no arrest in connection with the subsequent charges, hence no *terminus a quo* for counting the maximum permissible delay beginning at the time of arrest for filing an indictment relating to such charges.

■ Appellant argues that since his arrest was based upon a warrant which was based on a complaint (which he says mentioned circumstances relating to firearms) that his detention was based upon a judicial determination that there was a likelihood that he had committed additional (firearms) offenses. This theory would permit preclusion of subsequent prosecution if anything in the complaint upon which a warrant is obtained referred (inadvertently or otherwise) to extraneous circumstances.

Actually proceedings in the case at bar were begun by indictment, not by a complaint.

The police officers obtaining warrants often act in emergencies requiring haste and prepare the papers without deliberate and thorough reflection by legal advisors. Prosecuting attorneys, learned in the law, prepare the indictments, and it is to the language of those documents, rather than to the preliminary papers, that the courts must look in interpreting the scope of indictments and determining what, if any, particular offenses have been charged. In treating the preliminary papers the maxim *utile per inutile non vitiatur* is an applicable criterion. We find appellant's contention unpersuasive.

### V

Finally, appellant contends that the nine kg. of cocaine found in the inventory search of Sandra Jefferson's rented car in Iowa [5] should not be counted in determining the amount of cocaine to be used under the sentencing guidelines in computing appellant's sentence.

---

5. See note 3, *supra.*

■ The quantity of drugs attributable to a defendant for purposes of computing a guideline sentence is a question of fact committed to the trial judge, and is reviewed by us under the "clearly erroneous" standard. *U.S. v. Phillippi*, 911 F.2d 149, 151 (8th Cir.1990); *U.S. v. Winfrey*, 900 F.2d 1225, 1228 (8th Cir.1990).

■ Our cases hold that in computing a guideline sentence, drugs handled by a co-conspirator confederate having a close association or working relationship with a defendant may be included when calculating the offense level attributable to that defendant, *U.S. v. Rowe*, 911 F.2d 50, 51 (8th Cir.1990); *U.S. v. Lawrence*, 918 F.2d 68, 71 (8th Cir.1990).

In the colorful phrase of the government's brief (p. 24), "Beal and Jefferson were partners in the drug business." Appellant and she lived together, had joint bank accounts, and she attempted to build up a nest-egg from Beal's profits ["What I make she just banks." Page A-20]. He knew she was a courier for the Duke conspiracy. He visited her in the Iowa jail where the 9 kg. were found in an inventory search of the rented car in which she was arrested. He relied on her advice in transactions with other drug dealers. When a search warrant was executed at appellant's apartment, items were found showing his close association with Sandra Jefferson. In addition to credit card and bank statements, there was a photograph of them together in a tropical setting. His probation officer testified that he received permission to travel to Las Vegas and Hawaii and Sandra Jefferson was with him on that trip.

We are not persuaded that the District Judge abused his discretion in determining the quantity of drugs attributable to appellant when computing his guideline sentence.

Accordingly, the judgment and sentence of the District Court is hereby

AFFIRMED.