977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Robert WADE, Appellant.
 No. 92-2173.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 16, 1992.
Filed: October 23, 1992.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Wade entered an unconditional plea of guilty to two counts of distribution of crack cocaine and was sentenced to a prison term of 360 months. He appeals, raising several issues. We affirm.
 
 
 2
 First, Wade argues there was a constitutional infirmity in the composition of the grand jury that indicted him, in that it was made up of persons selected from a list of those who voted in the last previous general election. His unconditional plea of guilty, however, bars his later assertion of this claim. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (after pleading guilty, a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The issue thus is not properly before us, and we do not address its merits.
 
 
 3
 Second, Wade contends the District Court[1] abused its discretion in refusing his request to withdraw his guilty plea. We disagree. The trial court carefully considered Wade's request, applied the appropriate legal standards, see United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.), cert. denied, 493 U.S. 822 (1989), and found that Wade had not shown "any fair and just reason," see Fed. R. Crim. P. 32(d), why the court should permit withdrawal of the plea. In particular, the court found no ineffectiveness on the part of Wade's counsel; this determination has support in the record and we see no reason for overturning it.
 
 
 4
 Next, Wade attacks his sentence by arguing that the District Court erred in finding that he was an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive. This finding triggered a four-level increase in Wade's base offense level. U.S.S.G. § 3B1.1(a). The question of a defendant's role in the offense is one of fact, and as a reviewing court we accept the findings of the trial court unless they are clearly erroneous. United States v. Manuel, 912 F.2d 204, 207 (8th Cir. 1990). Here, the District Court's findings are supported by ample evidence, and thus they are not clearly erroneous. These findings include specific findings that Wade's criminal activity involved at least five participants, that it was extensive, and that Wade was highly placed in the drug distribution network of which he was a part. In these circumstances, the enhancement of Wade's sentence based on his role in the offense must stand.
 
 
 5
 Finally, we turn to Wade's constitutional claims regarding his sentence. His first claim is that the federal sentencing provisions governing crack cocaine offenses violate the Due Process Clause and the Eighth Amendment because they treat one gram of crack as the equivalent of 100 grams of cocaine in powder form, and therefore produce disproportionately long sentences for defendants convicted of crack cocaine offenses. This argument is foreclosed, however, by our earlier decisions. See, e.g., United States v. Winfrey, 900 F.2d 1225, 1227 (8th Cir. 1990), holding the 100-to-one ratio not to be violative of either of these constitutional safeguards. We reject as meritless Wade's equal protection claim that this stern treatment of crack offenses lacks a fair and rational relationship to a legitimate purpose and that it is arbitrary. We also reject his related claim that the sentencing provisions at issue reflect a racially discriminatory purpose. See generally McCleskey v. Kemp, 481 U.S. 279 (1987). These sentencing provisions establish a universally applicable scale of punishment for all crack cocaine dealers, regardless of their race, and Wade makes no showing that the enactment of these provisions is the product of any constitutionally impermissible motive. "A defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.' " McCleskey, 481 U.S. at 292 (citation omitted).
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit