**UNITED STATES of America, Appellee,**

v.

**Sharon A. ALDRIDGE, Appellant.**

No. 92–2287.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1992.

Decided Feb. 10, 1993.

R. Steven Brown, Federal Public Defender, Springfield, MO, argued, for appellant.

Williams G. Crowe, Asst. U.S. Atty., Springfield, MO, argued, for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

FAGG, Circuit Judge.

Sharon A. Aldridge appeals her conviction and sentence as a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (1988). We affirm.

■ Aldridge first contends the district court should have granted her motion to suppress the firearms seized from her home during a search for stolen items because the search warrant was not supported by probable cause. We disagree. The investigating officers' affidavits showed that a confidential informant told the officers Aldridge was involved in several al burglaries and possessed a satellite dish and other stolen items at her home. The affidavits also showed the officers' independent investigation confirmed the informant's report. Based on this information, the judge who issued the warrant had a substantial basis to conclude probable cause to search Aldridge's home for stolen property existed. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 23, 76 L.Ed.2d 527 (1983); *United States v. Peterson,* 867 F.2d 1110, 1113 (8th Cir.1989).

■ Second, Aldridge contends the district court should have granted her motion for judgment of acquittal because she presented evidence that showed a deputy sheriff misled her into believing she could legally possess a firearm. *See United States v. Austin,* 915 F.2d 363, 365–67 (8th Cir.1990) (defense of entrapment by estoppel), *cert. denied,* —— U.S. ——, 111 S.Ct. 1626, 113 L.Ed.2d 722 (1991). Again, we disagree. The deputy sheriff disputed Aldridge's evidence, and Aldridge's parole officer told Aldridge she could not legally possess a firearm. Aldridge also signed parole and probation forms that declared she could not legally possess a firearm. Because the evidence was in dispute, Aldridge failed to establish the defense of entrapment by estoppel as a matter of law. *Cf. United States v. Crump,* 934 F.2d 947, 956 (8th Cir.1991). Thus, the district court correctly denied Aldridge's motion for judgment of acquittal.

■ Third, Aldridge contends the district court should have granted her motion for a mistrial because the prosecutor made improper remarks during closing argument. The district court has broad discretion over closing arguments, and we will reverse only on a showing the district court abused its discretion. *United States v. Johnson,* 968 F.2d 768, 769 (8th Cir.1992). To reverse for prosecutorial misconduct, we consider whether the prosecutor's remarks were improper and whether the remark's offensiveness deprived Aldridge of a fair trial. *Id.* at 770.

■ During closing argument, the prosecutor expressed his opinion that Aldridge's testimony was a "cock and bull story,"

suggested the jury should convict Aldridge to deter other lawbreakers, and elicited sympathy for victims of the "stolen property that she received" when Aldridge was not charged with that crime and nothing in the record supported the prosecutor's statement. Aldridge objected to these remarks. We agree with Aldridge that the prosecutor's remarks were improper and calculated to persuade the jury to convict Aldridge for reasons wholly irrelevant to her guilt. *See id.* at 770–71; *Clark v. Wood,* 823 F.2d 1241, 1251 (8th Cir.), *cert. denied,* 484 U.S. 945, 108 S.Ct. 334, 98 L.Ed.2d 361 (1987); *United States v. Monaghan,* 741 F.2d 1434, 1441–42 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1085, 105 S.Ct. 1847, 85 L.Ed.2d 146 (1985).

Although coming close, we do not believe the prosecutor's remarks fatally infected the fairness of Aldridge's trial. The prosecutor's remarks were not repeated, the district court sustained Aldridge's objections and specifically instructed the jury to disregard the remarks, and overwhelming evidence showed Aldridge committed the crime. *See Johnson,* 968 F.2d at 771 (listing factors measuring the prejudicial effect of improper statements). Thus, we hold the district court did not abuse its discretion in denying Aldridge's motion for a mistrial.

Although the prosecutor insists he understands his mistakes, we are not convinced of his sincerity. We remind the prosecutor that we hold prosecutors to a high standard of performance. *Id.* at 770. The prosecutor must control his zeal with measured discretion because the prosecutor's duty "is not to convict, but to secure justice." *United States v. O'Connell,* 841 F.2d 1408, 1428 (8th Cir.), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 893 (1988), *and cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989). We are mystified why the prosecutor risked the government's position with unjustified attempts to bolster a strong evidentiary case with clearly improper remarks in closing argument. *See United States v. Baker,* 855 F.2d 1353, 1362 (8th Cir.1988), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989). By pushing the fair-

ness of his argument to the limit, the prosecutor did his best to provoke a mistrial and trigger a reversal by this court.

 Finally, Aldridge contends the district court should have reduced her offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 (Nov.1991). We give great deference to the district court's decision that Aldridge did not accept responsibility for her criminal conduct, and we will reverse only for clear error. *United States v. Rodriguez,* 979 F.2d 138, 139 (8th Cir.1992). During and after trial, Aldridge denied her guilt and asserted law enforcement officers lied at trial. Thus, we conclude the district court's refusal to reduce Aldridge's offense level for acceptance of responsibility was not clearly erroneous.

Accordingly, we affirm.