2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Anthony Tobin ANDREWS, Appellant.
UNITED STATES OF AMERICA, Appellee,
v.
Cedric Arthur WEST, Appellant.
 Nos. 93-1359, 93-1275.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 19, 1993.
Filed: August 24, 1993.
 
 Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony Tobin Andrews appeals his convictions and sentences for conspiracy to distribute and distribution of cocaine base, and Cedric Arthur West appeals his conviction for conspiracy to distribute cocaine base. See 21 U.S.C. Secs. 841(a)(1), 846 (1988). We affirm.
 
 
 2
 Andrews first contends there was insufficient evidence to convict him of conspiring to distribute and distributing cocaine base. We disagree. Several witnesses provided strong evidence of Andrews's guilt. The organizer of the conspiracy testified Andrews transported cocaine powder from Detroit to Des Moines, waited for the cocaine to be cooked into cocaine base, and distributed the cocaine base. Two other witnesses testified they had purchased cocaine base from Andrews. Viewing the evidence in the light most favorable to the government, we conclude there was substantial evidence to convict Andrews. See United States v. Akers, 987 F.2d 507, 511 (8th Cir. 1993); United States v. Buchanan, 985 F.2d 1372, 1376 (8th Cir. 1993).
 
 
 3
 Andrews and West next contend the district court improperly admitted evidence about a firearm police found under the driver's seat in a vehicle in which Andrews was a passenger. Although the driver disclaimed knowledge of the firearm, the police charged the driver with possession of the firearm. This charge was later dismissed, and the government does not claim the driver had a role in the conspiracy to distribute cocaine base. Assuming the district court improperly admitted this evidence, we conclude the error was harmless because several witnesses provided strong testimonial evidence establishing Andrews's and West's roles in the conspiracy. See Gerberding v. United States, 471 F.2d 55, 60-61 (8th Cir. 1973).
 
 
 4
 Andrews also challenges the admission of hearsay testimony that he sold drugs to a woman. Again, assuming the hearsay testimony was improper, we conclude the error was harmless because the government had strong evidence pointing to Andrews's guilt. See United States v. Donahue, 948 F.2d 438, 442 (8th Cir. 1991), cert. denied, 112 S. Ct. 1600 (1992).
 
 
 5
 West contends the district court improperly admitted into evidence cocaine base found in West's vehicle at the time of his arrest, fourteen days after the end of the conspiracy charged in the indictment. West contends the cocaine base was improper evidence of other crimes under Federal Rule of Evidence 404(b) and its prejudicial value exceeded its probative value. We disagree. The post-conspiracy evidence of cocaine base found in West's vehicle was plainly relevant to the existence of and West's participation in the conspiracy. Thus, we cannot conclude the district court committed error in admitting the evidence. See United States v. Stephenson, 924 F.2d 753, 763-64 (8th Cir.), cert. denied, 112 S. Ct. 63, and cert. denied, 112 S. Ct. 321 (1991); United States v. Walton, 908 F.2d 1289, 1298-99 (6th Cir.), cert. denied, 498 U.S. 906, and cert. denied, 498 U.S. 989, and cert. denied, 498 U.S. 990 (1990).
 
 
 6
 Andrews challenges the amount of drugs the district court attributed to him at sentencing. The quantity of drugs attributable to Andrews for sentencing purposes is a factual question, and we review the district court's finding under the clearly erroneous standard. See United States v. Beal, 940 F.2d 1159, 1163 (8th Cir. 1991). The district court based its finding on the trial testimony of two witnesses, and we cannot conclude the district court's finding was clearly erroneous.
 
 
 7
 Andrews also disputes a two level increase in his base offense level for possession of a firearm during the commission of the offense. See U.S.S.G. Sec. 2D1.1(b)(1) (Nov. 1992). Whether Andrews possessed a firearm during and in relation to the drug conspiracy is a factual determination that we review under the clearly erroneous standard. See United States v. Garrido, 995 F.2d 808, 815 (8th Cir. 1993). A witness testified that Andrews possessed firearms on several occasions and threatened the witness when the witness did not have enough money for the cocaine base he bought. We conclude the district court's finding that Andrews possessed a firearm during the commission of the offense is not clearly erroneous.
 
 
 8
 Accordingly, we affirm.