5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
David G. Van THOURNOUT, Appellant.
 No. 93-1992.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 9, 1993.
Filed: September 17, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 David G. Van Thournout appeals the 156-month sentence imposed by the District Court[1] for the Southern District of Iowa following his guilty plea to conspiracy to distribute lysergic acid diethylamide in violation of 21 U.S.C. Sec. 841(a)(1). For reversal, he argues the district court erred in (1) including the weight of paper containing LSD to calculate the weight of LSD attributed to him, (2) in imposing a two-level increase for obstruction of justice, and (3) denying him a two-level reduction for acceptance of responsibility. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Van Thournout was indicted with several others in a ten-count indictment. He pleaded guilty to conspiracy to distribute LSD in exchange for the government's motion to dismiss the other counts against him. Van Thournout testified at the plea hearing that he agreed with a co-conspirator to obtain LSD from approximately January through March 1989, knowing it was a controlled substance, and that he delivered approximately 200 hits of LSD to an undercover agent in June 1989.
 
 
 3
 According to the presentence report (PSR), in October 1990, prior to the sentencing hearing, Van Thournout absconded while he was on bond. In November 1991, law enforcement agents arrested Van Thournout in Wyoming, where he was involved in a marijuana-growing operation. At his arrest, Van Thournout falsely identified himself to agents as David Dorman and provided similarly false information during the pretrial interview for the Wyoming court. Agents did not discover Van Thournout's true identity until weeks after he was arrested.
 
 
 4
 The PSR recommended that the district court impose a two-level offense enhancement for obstruction of justice, pursuant to U.S.S.G. Sec. 3C1.1, and deny a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. Sec. 3E1.1, comment. (n.4). The PSR calculated the total weight of LSD attributable to Van Thournout as 10.477 grams and assigned a base offense level of 32. With the two-level enhancement for obstruction of justice and a one-level enhancement as an incremental penalty for his Wyoming sentence pursuant to U.S.S.G. Sec. 5G1.3, comment. (n.3), the PSR reached a total offense level of 35. This, combined with a criminal history category of II, resulted in a sentencing range of 188 to 235 months. Van Thournout objected, among other things, to the recommended enhancement for obstruction of justice, the calculation of the total weight of the LSD to be attributed to him (including the weight of the carrier paper),and to the denial of a reduction for acceptance of responsibility.
 
 
 5
 At the sentencing hearing, the government argued the district court should attribute 10.477 grams of LSD to Van Thournout as stated in the PSR. Van Thournout argued the weight should be only 8.11 grams, the weight of the LSD as weighed by his own expert at the time of sentencing.[2] Van Thournout testified that he absconded only because one of his bond conditions was that he stop smoking marijuana. He stated that marijuana and LSD help his various health problems, and they have spiritual uses.
 
 
 6
 The district court found that the weight of LSD that should be attributed to Van Thournout was approximately 8.5 grams because the record plainly supported such a finding. This calculation lowered the base offense level from 32 to 30. The district court also found Van Thournout obstructed justice because he failed to comply with the terms of his release, he used a false name, and he caused problems for the government in having to pursue him. The district court thus imposed the two-level increase. The district court refused to grant a two-level reduction in the offense level for acceptance of responsibility because, although Van Thournout pleaded guilty, he obstructed justice. Furthermore, the district court was unconvinced that Van Thournout would not again engage in drug use. The district court also adopted the one level increase pursuant to U.S.S.G. 5G1.3. Thus, the court calculated a total offense level of 33 and a criminal history category of II, resulting in a sentencing range of 151 to 188 months. The district court sentenced Van Thournout to 156 months imprisonment and with four years supervised release.
 
 
 7
 The Guidelines provide for a two-level increase in the offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. We review de novo whether section 3C1.1 applies to a defendant's conduct. United States v. Lamere, 980 F.2d 506, 514 (8th Cir. 1992). Here, Van Thournout obstructed justice when he fled the jurisdiction prior to sentencing. See U.S.S.G. Sec. 3C1.1, comment. (n.3(e)); cf. United States v. Lyon, 959 F.2d 701, 707 (8th Cir. 1992)(defendant did more than merely avoid or flee from arrest). We need not decide whether Van Thournout affirmatively misrepresented his identity to law enforcement officers.
 
 
 8
 We give great deference to a district court's decision that a defendant did not accept responsibility for his criminal conduct and will reverse only for clear error. See United States v. Aldridge, 985 F.2d 960, 962 (8th Cir.), cert. denied, 113 S. Ct. 2947 (1993). Under the Guidelines, conduct resulting in an increase for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1, comment. (n.4); United States v. Armstrong, 992 F.2d 171, 174 (8th Cir. 1993). Although both adjustments may apply in extraordinary cases, see Sec. 3E1.1, comment. (n.4), this is not one of those cases. Although Van Thournout did plead guilty, he fled before sentencing, he moved to another state, he remained at large for over a year, and he grew marijuana while a fugitive. In addition, Van Thournout made it clear at his sentencing hearing that he absconded in order to continue smoking marijuana and that he believes use of both LSD and marijuana is necessary to his physical, mental, and spiritual well-being.
 
 
 9
 Finally, Van Thournout contends that inclusion of the weight of the paper carrier in calculating the weight of LSD attributable to him was clearly erroneous and violative of due process. We previously rejected this argument in United States v. Bishop, 894 F.2d 981, 985-86 (8th Cir.), cert. denied, 111 S. Ct. 106 (1990), and United States v. Follett, 905 F.2d 195, 197 (8th Cir. 1990), cert. denied, 111 S. Ct. 2796 (1991). See also Chapman v. United States, 111 S. Ct. 1919, 1925 & n.3 (1991) (citing United States v. Bishop with approval).
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 The parties and district court speculated that, during Van Thournout's absence from the jurisdiction, the liquid had evaporated and the paper had dried, decreasing in weight