2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Rodney C. BARTON, Appellant.
 No. 92-3879.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 19, 1993.
Filed: August 24, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Sept. 23, 1993.
 
 Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodney C. Barton appeals the sentence imposed by the district court after he pleaded guilty to conspiracy to distribute cocaine. See 21 U.S.C. Secs. 841(a)(1), 846 (1988). We affirm.
 
 
 2
 Barton challenges the district court's finding that he was responsible for ten kilograms of cocaine rather than just four kilograms of cocaine. The quantity of drugs attributable to Barton for sentencing purposes is a factual question, and we review the district court's finding under the clearly erroneous standard. See United States v. Beal, 940 F.2d 1159, 1163 (8th Cir. 1991). Barton admits responsibility for four one-kilogram bricks of cocaine that he was transporting by bus from Los Angeles to St. Louis. A special agent found these bricks in a black bag above Barton's bus seat. Each brick was wrapped in plastic wrap, paper towels sprayed with air freshener, and white plastic marked with the word "polo" and a symbol of a polo player. In Barton's garment bag, the special agent found a store receipt for the plastic wrap, paper towels, and air freshener. Later that day, bus personnel found an unclaimed black bag on the same bus with six one-kilogram bricks of cocaine with wrappings and markings identical to those on Barton's first four bricks. We conclude the district court was not clearly erroneous in attributing all ten kilograms of cocaine to Barton.
 
 
 3
 Asserting he was merely a courier, Barton contends the district court should have decreased his offense level by two because he was a minor participant. See U.S.S.G. Sec. 3B1.2 (Nov. 1992). The district court's finding that Barton was not a minor participant is a factual determination that we review under the clearly erroneous standard. See United States v. Nunn, 940 F.2d 1128, 1133 (8th Cir. 1991). Because of the large quantity of cocaine involved, the district court found Barton was not a minor participant. We cannot conclude this finding was clearly erroneous. See United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam).
 
 
 4
 Finally, Barton contends the district court should have decreased his offense level by two for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1 (Nov. 1992). We give great deference to the district court's decision to deny Barton a decrease for acceptance of responsibility, and we will reverse only for clear error. United States v. Aldridge, 985 F.2d 960, 962 (8th Cir.), cert. denied, 113 S. Ct. 2947 (1993). Barton did not agree to plead guilty until three days before trial, he failed to talk with the probation officer, and he denies responsibility for the second bag of cocaine. Evidence also showed Barton sold cocaine twice to an undercover office while on bond for the present offense. Thus, we conclude the district court did not abuse its discretion in refusing to reduce Barton's offense level for acceptance of responsibility. See United States v. Wichmann, 958 F.2d 240, 242 (8th Cir. 1992) (failure to terminate criminal activity); United States v. Miller, 951 F.2d 164, 165 (8th Cir. 1991) (per curiam) (refusal to discuss involvement in the offense).
 
 
 5
 Accordingly, we affirm.