_____

No. 95-2850
_____

United States of America,      *
                             *

      Appellee,           *
                             *

    v.                   *  Appeal from the United States
                             *  District Court for the
Jeffrey Terrell Thomas, also  *  Western District of Missouri.
known as Donald J. Walker, also  *
known as Xavier Jackson, also   *  [UNPUBLISHED]
known as Charles Leeper,      *
                             *

      Appellant.        *

_____

Submitted:  December 29, 1995

Filed:  January 4, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Jeffrey Terrell Thomas, an African-American, appeals the 120-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We affirm.

We reject Thomas's argument that 21 U.S.C. § 841(b) is ambiguous and irrational, and has a discriminatory impact on African-Americans.  See United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995).  Thomas urges us to reconsider our decisions in United States v. Clary, 34 F.3d 709 (8th Cir. 1994), cert.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

denied, 115 S. Ct. 1172 (1995), and United States v. Buckner, 894 F.2d 975 (8th Cir. 1990), but only the court en banc can overturn the decision of another panel of the court, United States v. Polanco, 53 F.3d 893, 896 (8th Cir. 1995), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995).  We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the Equal Protection Clause, see, e.g., United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S. Ct. 209 (1995); and we recently refused to reconsider Clary, United States v. Thompson, 51 F.3d 122, 127 (8th Cir. 1995).

We also conclude Thomas's Eighth Amendment argument--that the "vastly disproportionate penalty" for crack "offends constitutional principles of proportionality"--is foreclosed by our decisions in Thompson, 51 F.3d at 127; United States v. Wesley, 990 F.2d 360, 367 (8th Cir. 1993); and United States v. Winfrey, 900 F.2d 1225, 1227 (8th Cir. 1990).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-