73 F.3d 366
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jeffrey Terrell THOMAS, also known as Donald J. Walker, also
known as Xavier Jackson, also known as Charles
Leeper, Appellant.
 No. 95-2850.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 29, 1995.
Decided Jan. 4, 1996.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey Terrell Thomas, an African-American, appeals the 120-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm.
 
 
 2
 We reject Thomas's argument that 21 U.S.C. Sec. 841(b) is ambiguous and irrational, and has a discriminatory impact on African-Americans. See United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir.1995). Thomas urges us to reconsider our decisions in United States v. Clary, 34 F.3d 709 (8th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995), and United States v. Buckner, 894 F.2d 975 (8th Cir.1990), but only the court en banc can overturn the decision of another panel of the court, United States v. Polanco, 53 F.3d 893, 896 (8th Cir.1995), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995). We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the Equal Protection Clause, see, e.g., United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S.Ct. 209 (1995); and we recently refused to reconsider Clary, United States v. Thompson, 51 F.3d 122, 127 (8th Cir.1995).
 
 
 3
 We also conclude Thomas's Eighth Amendment argument--that the "vastly disproportionate penalty" for crack "offends constitutional principles of proportionality"--is foreclosed by our decisions in Thompson, 51 F.3d at 127; United States v. Wesley, 990 F.2d 360, 367 (8th Cir.1993); and United States v. Winfrey, 900 F.2d 1225, 1227 (8th Cir.1990).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri